UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY DAVID STOWELL,

               Petitioner,               Case No. 4:20-cv-12424

v.

                                 Stephanie Dawkins Davis
MICHELLE FLOYD,             United States District Judge

               Respondent.

_____/

**OPINION AND ORDER (1) DENYING THE AMENDED PETITION
FOR A WRIT OF HABEAS CORPUS (ECF No. 7), (2) DENYING
PETITIONER'S EMERGENCY PETITIONS  FOR A TEMPORARY
RESTRAINING ORDER OR PRELIMINARY INJUNCTIVE
RELIEF AS MOOT (ECF Nos. 12, 13), (3) DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND (4) DENYING
LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Jeremy David Stowell, a state prisoner in the custody of the

Michigan Department of Corrections, filed a *pro se* amended petition for the writ

of habeas corpus under 28 U.S.C. § 2254.  The pleading challenges Petitioner's

convictions for criminal sexual conduct (CSC) in the third degree, Mich. Comp.

Laws § 750.520d, and accosting children for immoral purposes, Mich. Comp.

Laws § 750.145a.  Petitioner claims that (1) his presentence report contained

improper information, (2) the trial court departed from the plea and sentencing

agreement, and (3) he was arrested and imprisoned due to a malicious conspiracy

to deprive him of his rights under the Fourteenth Amendment.  *See* Am. Pet. (ECF

No. 7, PageID.28-29).  In separate documents, Petitioner seeks preliminary

injunctive relief.  *See* Emergency Pet. for Temporary Restraining Order and/or

Preliminary Injunctive Relief (ECF No. 12) and Am. Emergency Pet. for

Temporary Restraining Order and Preliminary Injunctive Relief (ECF No. 13).

Respondent opposes any requests for relief and argues in an answer to the

habeas petition that Petitioner's first claim is not cognizable on habeas review and

that the state court's adjudication of the claim was objectively reasonable.  *See*

Answer in Opp'n to Pet.  (ECF No. 14, PageID.120).  Respondent contends that

Petitioner did not exhaust state remedies for his second and third claims and that

those claims lack merit or are not supported by the facts.  *See id*. at PageID.120-21.

The Court has reviewed the pleadings and record and finds no merit in

Petitioner's habeas claims and no need for preliminary injunctive relief.

Accordingly, the Court will deny the emergency petitions for injunctive relief and

Petitioner's amended habeas petition.  The Court also declines to issue a certificate

of appealability and denies Petitioner permission to appeal this decision *in forma*

*pauperis*.

## I.      BACKGROUND

Petitioner initially was charged in Monroe County, Michigan with four

counts of third-degree CSC and one count of accosting children for immoral

purposes.  *See* Monroe County Register of Actions.  (ECF No. 15-1, PageID.154).

2

The parties negotiated an agreement that required Petitioner to plead no contest to one count of CSC in the third degree, Mich. Comp. Laws § 750.520d(1)(a), and one count of accosting children for immoral purposes, Mich. Comp. Laws § 750.145a.  *See* 4/12/19 Final Pretrial Hr'g/Plea Tr. (ECF No. 15-8, PageID.211-12).

In return for Petitioner's plea, the prosecutor agreed to dismiss the remaining three counts of third-degree CSC and a separate filing involving a marijuana charge.  *See id.* at PageID.213.  Additionally, the trial court agreed to sentence Petitioner within the sentencing guidelines, as calculated at the sentencing.[1]  *See id*. at PageID.210-11.

---

[1]      Pursuant to *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), a judge may participate in sentencing discussions in the following manner:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>                               . . .
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id*. at 212 (emphasis and footnote omitted).

On April 12, 2019, Petitioner waived his trial rights and pleaded no contest pursuant to his agreement with the prosecutor. *See id*. at PageID.212-19. On June 27, 2019, the trial court sentenced Petitioner within the guidelines of 51 to 85 months to a term of 85 to 180 months in prison for the CSC conviction and to a concurrent term of 365 days in the county jail for the accosting conviction, with 78 days credit on both counts. *See* 6/27/19 Sentencing Tr. (ECF No. 15-9, PageID.270, 288).

In an application for leave to appeal in the Michigan Court of Appeals, Petitioner argued through counsel that he was entitled to have information about multiple assaults deleted from his presentence report. *See* Application for Leave to Appeal (ECF No. 15-10, PageID.315-321). He also attempted to file a *pro se* supplemental brief in which he argued that his no-contest plea was involuntary, that the presentence report amounted to a constructive amendment of the charging document, and that his trial attorney was ineffective. *See* Defendant/Appellant's Standard 4 Brief (ECF No. 15-10, PageID.296-307).

Before Petitioner's appellate counsel could forward the supplemental brief to the Court of Appeals, the appellate court denied leave to appeal for lack of merit in the ground presented to the court. *See People v. Stowell*, No. 352183 (Mich. Ct. App. Feb. 13, 2020); (ECF No. 15-10, PageID.310). Appellate counsel then asked the Court of Appeals to reconsider its decision in light of Petitioner's supplemental

4

brief.  *See* Mot. for Reconsideration (ECF No. 15-10, PageID.293-294).  The Court of Appeals denied reconsideration after considering Petitioner's *pro se* supplemental brief.  *See People v. Stowell*, No. 352183 (Mich. Ct. App. Feb. 27, 2020); (ECF No. 15-10, PageID.292).

In a subsequent application for leave to appeal in the Michigan Supreme Court, Petitioner raised the issue about the multiple assaults mentioned in his presentence report.  *See* Pro Per Application for Leave to Appeal (ECF No. 15-11, PageID.499-500).  He also argued that his no-contest plea was involuntary and that he should have been permitted to withdraw his plea because he was informed before the plea hearing that he would be sentenced up to one year in the county jail, followed by probation.  *See id*. at PageID.501-02.

In an appendix, Petitioner pointed out that his appellate attorney failed to submit his *pro se* supplemental brief to the Court of Appeals in a timely manner, and he argued that the trial court's determination of the facts pertaining to Offense Variable 11 of the sentencing guidelines was clearly erroneous.  *See id*. at PageID.508.  On July 28, 2020, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to the court. *See People v. Stowell*, 946 N.W.2d 284 (Mich. 2020).

On August 25, 2020, Petitioner filed his initial habeas corpus petition.  *See* Pet.  (ECF No. 1).  Because some of the pages were not legible, the Court ordered

Petitioner to file another petition, and on December 21, 2020, Petitioner filed his amended petition.  *See* Am. Pet. (ECF No. 7).

On July 10, 2021, Petitioner filed an emergency petition for a temporary restraining order (TRO) or preliminary injunctive relief.  *See* ECF No. 12.  Two days later, on July 12, 2021, Petitioner filed an amended emergency petition for a TRO and preliminary injunctive relief.   *See* ECF No. 13.

Respondent subsequently filed an answer to the habeas petition through the Michigan Attorney General (ECF No. 14), and on August 28, 2021, Petitioner filed a reply to the answer (ECF No. 16).  The Court proceeds to address the petition for a writ of habeas corpus first.  To the extent that any claims were not raised at all levels of state court review, the Court excuses the procedural error because the exhaustion rule is not a jurisdictional requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989).  A federal district court may deny a habeas petition on the merits, despite the petitioner's failure to exhaust the available remedies in state court.  28 U.S.C. § 2254(b)(2).

## II.    LEGAL FRAMEWORK

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires prisoners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2)

'was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191

(2018) (quoting 28 U.S.C. § 2254(d)).  The Supreme Court has explained that

> a state court decision is "contrary to [the Supreme
> Court's] clearly established precedent if the state court
> applies a rule that contradicts the governing law set forth
> in [Supreme Court] cases" or "if the state court confronts
> a set of facts that are materially indistinguishable from a
> decision of [the Supreme] Court and nevertheless arrives
> at a result different from [Supreme Court] precedent."

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S.

362, 405-406 (2000)) (alterations added).

> "Under the 'unreasonable application' clause, a federal
> habeas court may grant the writ if the state court
> identifies the correct governing legal principle from [the
> Supreme] Court's decisions but unreasonably applies that
> principle to the facts of the prisoner's case." *Id.*, at 413,
> 120 S.Ct. 1495.  The "unreasonable application" clause
> requires the state court decision to be more than incorrect
> or erroneous. *Id.*, at 410, 412, 120 S.Ct. 1495.  The state
> court's application of clearly established law must be
> objectively unreasonable. *Id.*, at 409, 120 S.Ct. 1495.

*Id.* at 75.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-

court rulings,' and 'demands that state-court decisions be given the benefit of the

doubt[.]'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations

omitted).  "A state court's determination that a claim lacks merit precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

7

state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  If no state court adjudicated a

petitioner's claim on the merits, AEDPA's deferential standard of review does not

apply, and the Court reviews the claim *de novo*.  *Stermer v. Warren*, 959 F.3d 704,

721 (6th Cir. 2020) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## III.   ANALYSIS

### A.   The Presentence Report

Petitioner first asserts that he is entitled to have references to multiple

assaults deleted from his presentence report because the references are not

supported by a preponderance of the evidence.  He contends that six assaults were

mentioned in the report, but the report itself describes only five incidents of CSC,

and he pleaded no contest to only one count of CSC.  *See* Am. Pet. (ECF No. 7,

PageID.28).

Petitioner objected to the contents of the presentence report at his

sentencing, but the trial court rejected his argument.  Petitioner also raised the issue

in his applications for leave to appeal.  The Michigan Court of Appeals rejected the

claim for lack of merit, and the Michigan Supreme Court was not persuaded to

review the issue.

Petitioner's contention that information in the presentence report was invalid

under state law lacks merit because "federal habeas corpus relief does not lie for

8

errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris¸* 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

Petitioner, nevertheless, also contends that he was entitled to be sentenced based on accurate information, and that a proceeding violates due process of law if the sentence was based on "extensively and materially false" information that the prisoner had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To obtain relief, a prisoner must show that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972). In *Townsend*, the sentencing judge relied on erroneous information that the petitioner had been previously convicted of three other offenses, while in actuality the petitioner had obtained dismissal of one of offenses and acquittals of the other two. The petitioner did not have the benefit of counsel who would have had a duty "to prevent the court from proceeding on such false assumptions and perhaps. . . to seek remedy elsewhere if they persisted." *Id.* And under those circumstances violated the petitioner's due process rights. Similarly, in *Tucker*, the trial judge had relied for sentencing on two prior convictions of the petitioner that were determined to be "wholly unconstitutional" under *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Id.* The Court concluded that the sentencing judge might have chosen a different sentence

if he had known that the two prior convictions were unconstitutionally obtained. As discussed below, Petitioner's allegations of misinformation used at his sentencing are unavailing.

Petitioner's presentence report states that Petitioner assaulted the complainant on at least six occasions during a period of approximately eight months. *See* 6/27/19 Sentencing Tr. (ECF No. 15-9, PageID.243); *see also* the Michigan Department of Corrections Presentence Investigation Report (ECF No. 15-10, PageID.330). Elsewhere in the report, the assaults are described in more detail. *See* ECF No. 15-10, PageID.332-333.

Defense counsel objected to this information at Petitioner's sentencing because: (1) Petitioner pleaded no contest to a stipulated set of facts and the stipulation involved only one incident; (2) the allegation of multiple assaults was not corroborated or supported by a preponderance of the evidence; and (3) the complainant's conduct was inconsistent with there being multiple assaults. *See* 6/27/19 Sentencing Tr. (ECF No. 15-9, PageID.244-46, 248-50). The trial court, however, stated that it believed the complainant who maintained in the victim's impact statement that the various assaults happened. *See id*. at PageID.250. Indeed, the court found by a preponderance of the evidence that the acts touched on in the victim impact statement occurred and was "well convinced" that there

were several occasions of CSC that it could consider when scoring the sentencing guidelines. *See id*. at PageID.250-51.

Given the victim's statement and the trial court's determination  by a preponderance of the evidence that the statement was credible, Petitioner has failed to show that the trial court relied on "misinformation of constitutional magnitude" or on "extensively and materially false" information.  The Court, therefore, declines to grant relief on Petitioner's first claim.

> B.      The Alleged Failure to Honor the Plea Agreement

Petitioner next alleges that the trial court departed from the original plea and sentencing agreement.  According to Petitioner, the original agreement called for a year of incarceration in the county jail, followed by probation with counseling and treatment for substance abuse.  *See* Am. Pet., ¶ (c), (ECF No. 7, PageID.29).

The principal problem with Petitioner's argument is that he does not raise a cognizable federal claim.   Petitioner's contention that the trial court's sentence departed from the purported "plea and/or sentence agreement" under state law lacks merit because "federal habeas corpus relief does not lie for errors of state law." *Lewis*, 497 U.S. at 780; *Pulley¸* 465 U.S. at 41 ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Henton v. Miller*, 2017 WL 9672556, at *9 (N.D. Ohio Apr. 6, 2017), report and recommendation adopted, 2018 WL 1465514 (N.D. Ohio Mar. 26, 2018) (To the extent the alleged

failure to follow the plea agreement and the trial court's sentence violated state law, such claims are non-cognizable on habeas review.).  "The only constitutional challenge that a habeas court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969)."  *Turner v. Palmer*, 2017 WL 1148665, at *5 (W.D. Mich. Feb. 28, 2017), report and recommendation adopted, 2017 WL 1105903 (W.D. Mich. Mar. 24, 2017).  Petitioner makes no such claim here.

Furthermore, even if the claim were cognizable, as pointed out above, the sentencing guidelines for Petitioner's minimum sentence were calculated at 51 to 85 months, *see* 6/27/19 Sentencing Tr. (ECF No. 15-9, PageID.270), and the trial court abided by the *Cobbs* agreement when it sentenced Petitioner at the top of the guidelines to a minimum term of 85 months in prison for the CSC conviction.  *See id*. at PageID.288.  And finally, to the extent Petitioner suggests that he was denied the right to withdraw from the plea agreement, Petitioner has no federal constitutional right to withdraw his guilty plea.  *See Hynes v. Birkett*, 526 Fed. Appx. 515, 521 (6th Cir. 2013); *Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989).  For these reasons, Petitioner has no right to relief on his claim.

C.    <u>Conspiracy</u>

Petitioner's third and final claim is that there was a willful and malicious

conspiracy to arrest and imprison him in violation of his constitutional rights.  *See*

Am. Pet., ¶ (d), (ECF No. 7, PageID.29).  This claim appears to be based on the

recorded telephone conversation in which Petitioner acknowledged that he had

sexually assaulted the complainant on one occasion.  *See* 6/27/19 Sentencing Tr.

(ECF No. 15-9, PageID.245-46, 282).

Petitioner has not demonstrated that the recorded call was illegal, and even if

it was, his admission of guilt during the call was not the only evidence against him.

The complainant made several allegations of sexual abuse by Petitioner and a

victim's testimony can be sufficient to support a CSC conviction; it need not be

corroborated.  Mich. Comp. Laws § 750.520h; *People v. Solloway*, 891 N.W.2d

255, 262 (Mich. Ct. App. 2016).  Furthermore,

> [a] plea of guilty and the ensuing conviction comprehend
> all of the factual and legal elements necessary to sustain a
> binding, final judgment of guilt and a lawful sentence.
> Accordingly, when the judgment of conviction upon a
> guilty plea has become final and the offender seeks to
> reopen the proceeding, the inquiry is ordinarily confined
> to whether the underlying plea was both counseled and
> voluntary.  If the answer is in the affirmative then the
> conviction and the plea, as a general rule, foreclose the
> collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989).   Stated differently,

> a guilty plea represents a break in the chain of events
> which has preceded it in the criminal process.  When a
> criminal defendant has solemnly admitted in open court
> that he is in fact guilty of the offense with which he is
> charged, he may not thereafter raise independent claims
> relating to the deprivation of constitutional rights that
> occurred prior to the entry of the guilty plea. He may
> only attack the voluntary and intelligent character of the
> guilty plea[.]

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  This principle applies to no-contest pleas because, "[l]ike a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt[.]"  *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982).

Petitioner was represented by counsel at his plea, and he assured the trial court that he understood the nature of the charges to which he was pleading no-contest, the potential consequences, and the rights that he was waiving by pleading no contest.  He also stated that nobody had promised him anything or threatened him to make him plead no contest, that it was his choice to plead no contest, and that he was doing so knowingly and voluntarily.  4/12/19 Final Pretrial Hr'g/Plea Tr. (ECF No. 15-8, PageID.212-19).

Petitioner's "solemn declarations" at the plea proceeding "carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and because the record indicates that his plea was voluntary and intelligent, his claim that there

was a conspiracy to arrest and convict him is foreclosed by his no-contest plea.

The Court declines to grant relief on Petitioner's claim.

## IV.   CONCLUSION

The state appellate court's conclusion that Petitioner's first claim lacked

merit was not contrary to Supreme Court precedent, an unreasonable application of

Supreme Court precedent, or based on an unreasonable determination of the facts.

Petitioner's remaining claims lack merit.  His second claim is not cognizable and

alternatively is unsupported by the record, and review of his third claim is

foreclosed by his no-contest plea.  The Court, therefore, denies the amended

habeas corpus petition.  Given the foregoing conclusion, Petitioner's request for

injunctive relief is moot and his motions are therefore, **DENIED**. *See e.g.*,

*Honningford v. Williams*, 2020 WL 8771322, at *2 (N.D. Ohio Aug. 11, 2020),

report and recommendation adopted, 2021 WL 861518 (N.D. Ohio Mar. 8, 2021)

(Motion for emergency injunctive relief denied as moot because petition for writ of

habeas corpus denied).

The Court also **DECLINES** to issue a certificate of appealability because

reasonable jurists could not disagree with the Court's resolution of Petitioner's

claims, nor conclude that the issues deserve encouragement to proceed further.

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529

U.S. 473, 484 (2000)).  Finally, the Court denies leave to proceed *in forma*

*pauperis* on appeal if Petitioner appeals this decision because an appeal could not

be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

     **IT IS SO ORDERED**.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: March 31, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, March 31, 2022, by electronic and/or
U.S. First Class mail.

s/ R. Loury
Case Manager
